In the Matter of JOSEPH M. SMITH, an Attorney, Respondent.

First Department, March 10, 1933.

*Einar Chrystie*, for the petitioner.

*McCabe & Hickey*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law of the State of New York on October 9, 1924, at a term of the Appellate Division of the Supreme Court, Second Department.

By the petition herein he is charged with professional misconduct in two specifications.

By the *first*, the respondent was charged, in effect, with converting money of a client given him for the express purpose of settling an action against said client.

*Secondly*, the respondent was charged with having given another client a check for thirty dollars on November 1, 1928, representing his share of the settlement of an action brought in behalf of said client. The check was not paid when presented, and it was not until October 3, 1929, the day of a hearing before the committee on grievances of the petitioner, that the respondent paid his client the sum of thirty dollars in cash.

The respondent answered, and the matter was referred to the Hon. ALFRED R. PAGE, official referee, to take testimony in regard to the charges, and report the same to this court together with his opinion thereon. The latter died before reporting, and the matter was sent to another referee, with like instructions. Said referee has duly reported, finding the respondent guilty as charged.

The matter now comes before this court, upon motion of the petitioner that the report of the referee be confirmed and that this court take such further action as may be appropriate.

With respect to the first-mentioned charge, it is established by

the record that in April, 1928, an action was brought by the Siors Realty Corporation against Charles W. Stevens to recover the sum of $300. Stevens consulted the respondent and the latter agreed to represent him in the action and to try to negotiate a settlement thereof. Thereafter Stevens was advised that the respondent had arranged to settle the case upon the payment of $100 immediately, and the further sum of $50 in installments. On April 16, 1928, Stevens paid to the representative of the respondent the sum of $100 to be used for the purpose of settling the action in accordance with the terms arranged by him. The respondent, instead of using the money for the purpose stated, converted the entire amount to his own use and permitted a judgment to be entered against Stevens on default for the full amount claimed by the plaintiff in the action. Thereafter Stevens' salary was garnisheed and he was forced to settle the claim of the realty corporation by the payment of the sum of $175.

The respondent contended before the referee, and continues to urge here, that after the receipt of the $100 paid him as aforesaid, he demanded a fee of $35 which the complainant refused to pay; wherefore the respondent told the complainant to hire other counsel and withheld the $100 paid until such time as the matter of the fee demanded was adjusted.

It clearly appears from the record that this explanation, which, even if true, would have been no justification for the unlawful withholding of the money of his client for over two years, was wholly false, as is also his testimony that he kept the money in his safe during that period. In support of these contentions, the respondent gave testimony that was conflicting, inconsistent and palpably false.

In respect to the second charge, it appears that in May, 1928, one Ettor Sabatini retained the respondent to recover damages for personal injuries alleged to have been suffered by Sabatini in an accident. It was agreed that the respondent was to receive a fee of fifty per cent of the amount recovered. The respondent turned the matter over to another attorney named Walsh. The latter settled the claim for sixty dollars on or about September 11, 1928. The complainant testified that the respondent advised him of the settlement and repeatedly promised to pay him his share, or thirty dollars. Failing to do so, the complainant complained to the district attorney. The respondent denied he had never informed the complainant of the settlement, claiming he had no knowledge thereof himself, Walsh having signed the name of the respondent in indorsement of the check received in settlement of the claim and retained the entire proceeds. By request, the respondent called

upon the district attorney, and, upon leaving his office, gave the complainant a check for thirty dollars, dated November 1, 1928. The check was deposited for collection and payment refused because the account was overdrawn. Sabatini, however, did not learn of its non-payment until some three months later. He then tried unsuccessfully to see the respondent and received no response to communications addressed to the respondent at his home and office. The matter was then submitted to the grievance committee of the petitioner and, on the day fixed for a hearing, the respondent paid Sabatini fifty dollars, telling the latter that twenty dollars was for his lost time and that he would not have to appear before the Bar Association. Neither Sabatini nor the respondent appeared at the hearing.

It clearly appears that the respondent was remiss in his duty of turning over to his client his share of the proceeds of a settlement for which the respondent was liable as attorney. There is testimony from which it may be assumed that the respondent expected the check for thirty dollars which he gave Sabatini on November first would be paid, and that in ordinary course the bank would have paid the check notwithstanding the account was overdrawn when it was presented. The respondent, however, after his attention was called to the non-payment of the check, repeated the procedure of promising and failing to pay, until the very day of the hearing, when he paid Sabatini twenty dollars in excess of the claim, coupled with a statement that he need not attend the hearing.

The learned referee before whom the respondent appeared has expressly reported that the respondent was untruthful throughout his testimony in respect to both charges. This is but too obvious upon the face of the record.

The respondent is lacking in a proper conception of his duties and obligations as an attorney.

The respondent should be disbarred.

MARTIN, O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.